UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STEVEN KIRSHBAUM, § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 6:13-cv-298 |
| § | |
| UNIVERSITY OF TEXAS AT TYLER, § | |
| § | |
| Defendant § | |

COMPLAINT

Plaintiff Steven Kirshbaum files this complaint against Defendant University of Texas at Tyler ("UT Tyler"), as follows:

1. Plaintiff Steven Kirshbaum is a Texas resident. Defendant UT Tyler is a branch of the University of Texas.

2. This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391 because all or part of the supporting events occurred in the Eastern District.

Facts

3. Plaintiff Steven Kirshbaum was a student at UT Tyler from 2009 to 2011. The teachers and staff with whom he dealt believed that Plaintiff suffered from Asperger's syndrome.

1

4. In January of 2011, a teacher complained that Plaintiff had disrupted a class in violation of the UT Tyler code of conduct. A disciplinary hearing was conducted by Suzi Pudt, who ordered Plaintiff to write a letter of apology and to submit to counseling.

5. Plaintiff wrote the letter of apology. But when Plaintiff attempted to schedule counseling, he was told that he could not go onto campus because he would be trespassing. Plaintiff attempted to schedule counseling via email, but his attempts were refused. Plaintiff was then charged with violating UT Tyler's code of conduct by failing to submit to counseling.

6. Subsequently, weeks before his expected graduation, UT Tyler expelled Plaintiff, allegedly for not attending the counseling session. In fact, the decision to expel was based in whole or in part on Plaintiff's perceived disability.

7. After the disciplinary hearing, Plaintiff learned that Suzi Pudt was married to a person who had made an earlier complaint against Plaintiff. Accordingly, Suzi Pudt was biased and not qualified to hear any complaint against Plaintiff. Plaintiff attempted to bring this situation to light but was denied the opportunity.

## Claims

8. UT Tyler discriminated against Plaintiff by expelling him and not allowing him to enroll and not allowing him to receive his degree. These decisions were made in whole or in part on the basis of Plaintiff's perceived disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, § 29 U.S.C. § 79, *et seq.*

9. Moreover, UT Tyler violated Plaintiff's liberty interest by denying due process as required by the Fourteenth Amendment. UT Tyler's actions were also arbitrary and capricious and violated Plaintiff's substantive due process rights.

10. Plaintiff and UT Tyler had a contract by which Plaintiff paid for educational services. UT Tyler breached that contract by expelling Plaintiff without cause, without due process, and in violation of the ADA and Rehabilitation Act.

## Requested relief

11. Plaintiff seeks recovery of all available damages, including but not limited to compensatory damages, nominal damages, damages for mental anguish, damages for emotional distress, consequential damages, and incidental damages.

12. Plaintiff also seeks all available injunctive and equitable relief, including but not limited to an order clearing his name and record, prohibiting UT Tyler from disseminating adverse information about him, and prohibiting UT Tyler from acting to prevent his admission to UT Tyler or to any other educational institution.

13. Due to UT Tyler's conduct, it became necessary for Plaintiff to retain legal counsel to assist him in prosecuting his rights under the law. Plaintiff seeks a recovery of his reasonable and necessary attorneys' fees, costs incurred, and pre- and post-judgment interest as permitted by law, in equity and/or pursuant to 42 U.S.C. § 1988 and 42 U.S.C.A. § 12205.

Jury demand

14. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests trial by jury.

Prayer

Plaintiff prays that, upon final hearing, Plaintiff recover judgment against UT Tyler and be awarded:

(1) any and all amounts recoverable and/or recognizable as damages at law and/or in equity resulting from and/or occasioned by UT Tyler's wrongful acts or conduct;

 (2) an Order clearing Plaintiff's name and record, prohibiting UT Tyler from disseminating adverse information about Plaintiff and prohibiting UT Tyler from acting to prevent Plaintiff's admission to UT Tyler or to any other educational institution.

 (3) pre- and post-judgment interest at the maximum rate permitted by law;

 (4) litigation expenses and costs, including but not limited to his reasonable and necessary attorneys' fees; and

 (5) such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully Submitted,

/s/ Frank Hill
Frank Hill  09632000

HILL GILSTRAP, P.C.
1400 W. Abram Street
Arlington, Texas  76012
Telephone:  817-261-2222
Facsimile:  817-861-4685
fhill@hillgilstrap.com

ATTORNEYS FOR PLAINTIFF