UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STEVEN KIRSHBAUM,<br>      Plaintiff<br><br>v.<br><br>UNIVERSITY OF TEXAS AT TYLER,<br>RODNEY MABRY, in his<br>individual and official capacity, and<br>DONNA DICKERSON, in her individual<br>and official capacity,<br>      Defendants | §§§§§§§§§§§§§ CIVIL ACTION NO. 6:13-cv-298 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Steven Kirshbaum files this, his First Amended Complaint against Defendants University of Texas at Tyler ("UT Tyler"), Rodney Mabry in his official and individual capacities, and Donna Dickerson in her official and individual capacities, and asserts as follows:

### Parties and Jurisdiction

1. Plaintiff Steven Kirshbaum is a Texas resident. Defendant UT Tyler is a branch of the University of Texas and receives federal funds.

2. Defendant, Rodney Mabry, is the President of UT Tyler. Services of process may be made upon him at 3900 University Blvd., Tyler Texas 75799.

3. Defendant, Donna Dickerson, is an administrator at UT Tyler. Services of process may be made upon her at 3900 University Blvd., Tyler Texas 75799.

4. This Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims are being brought, in part, under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 12101, *et seq.*, and 29 U.S.C. § 79.

1

5. Venue is proper under 28 U.S.C. § 1391 because all or part of the supporting events occurred in the Eastern District.

## Facts

6. Plaintiff Steven Kirshbaum graduated with honors, *cum laude*, from the Berklee College of Music in Boston, MA, in 2000. Plaintiff is a classically trained pianist, who had been working to perfect his art for over 28 years prior to his enrollment at UT Tyler. From 2009-2011, Plaintiff was a student at UT Tyler. Plaintiff was awarded a partial (half) scholarship by UT Tyler to pursue a Master of Arts degree in the study of music; specifically focusing on the 20th century idiom of American jazz, with ancillary and informing focus in Western History and Philosophy. Plaintiff earned excellent grades, received many accolades from faculty, and completed all of his required course-work.

7. In January of 2011, a teacher complained that Plaintiff had disrupted a class in violation of the UT Tyler code of conduct. A disciplinary hearing was conducted by Suzanne Pundt, and Plaintiff was ordered to write a letter of apology and to submit to counseling.

8. Plaintiff wrote the letter. Plaintiff also attempted to schedule the counseling session, but to no avail. After initially attempting to schedule the session via telephone with no success, Plaintiff attempted to make arrangements via email. His attempts to schedule an appointment via email were refused despite the fact that email had been an acceptable form of communication throughout the process. In fact, UT Tyler and its staff routinely communicated with Plaintiff via email about other matters and related matters. The refusal itself, and the decisions to uphold this refusal in the penultimate appeal conducted by Donna Dickerson and the ultimate appeal conducted by President Mabry, were arbitrary, capricious, and unreasonable. Moreover, these actions were not the result of an exercise in professional judgment and were manifestly unjust.

2

9. After the disciplinary hearing, Plaintiff learned that Suzanne Pundt was married to a person who was a close associate and professional collaborator (band mate) with the faculty member and with the group of students who had made an earlier complaint against Plaintiff. This close association existed not only at UT Tyler, but in a professional and social capacity both on campus and outside the university, and existed for both Mr. and Mrs. Pundt. Mr. and Mrs. Pundt were both knowledgeable of and supportive of the complaints made against Plaintiff. Accordingly, Suzanne Pundt was biased and not qualified to hear any complaint against Plaintiff. Plaintiff attempted to bring these facts to light in appeal but was denied the opportunity. There was no way for Plaintiff to know of Ms. Pundt's bias prior to the hearing.

10. Through no fault of his own, Plaintiff was not able to schedule or attend a counseling session. Accordingly, because Plaintiff's attempts to schedule the counseling session were denied UT Tyler and its staff did not allow Plaintiff to take his final examinations and ultimately expelled Plaintiff, allegedly for not attending the counseling session. These actions came within days of Plaintiff's expected graduation. Plaintiff was charged with violating UT Tyler's code of conduct by failing to submit to counseling. Plaintiff attempted to explain the schedule situation to no avail.

11. Defendant Donna Dickerson recommended that Plaintiff be expelled, and Defendant Rodney Mabry upheld the decision. The final decision stated that Plaintiff was expelled, would not be permitted to receive a degree from UT Tyler, would not be able to enroll at UT Tyler, and to be permanently banned Plaintiff from being present on campus.

12. The teachers and staff that brought the charges and made the ultimate adverse rulings against Plaintiff believed or perceived that Plaintiff suffered from Asperger's syndrome. Moreover, the decision to expel Plaintiff was based on this perceived impairment/disability.

13. Defendants' decision was not a result of an exercise in professional judgment, and was manifestly unjust. Further, the decision rendered was egregious and shocking to the conscience.

14. As a result to these actions, Plaintiff was denied the career advancing degree he had paid for and earned with high marks, any ability to pursue a Ph.D., and future job opportunities. Moreover, Plaintiff suffered emotional distress, the tuition he paid UT Tyler was effectively wasted, his time was lost, his reputation was damaged, and he was stigmatized falsely by Defendants' conduct.

### Claims against Defendant UT Tyler

15. UT Tyler discriminated against Plaintiff by expelling him for life and not allowing him to receive his degree. These decisions were made on the basis of Plaintiff's perceived disability, Asperger's syndrome, in violation of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, § 29 U.S.C. § 79, *et seq*.

16. Defendant UT Tyler's purported claim that Plaintiff failed to abide by the school's code of conduct was trivial, unwarranted, and pretext for its actual discriminatory animus/malice.

17. Moreover, UT Tyler's actions violated Plaintiff's liberty interest by falsely stigmatizing him in the course of making its decisions and in a manner that would necessarily become public or official, and by failing to allow him to seek his graduate education. UT Tyler also denied Plaintiff's procedural due process as guaranteed by the Fourteenth Amendment. As stated, in this situation, UT Tyler's decision makers held an actual bias and a discriminatory animus against Plaintiff. Additionally, UT Tyler's actions in failing to schedule a counseling

session with Plaintiff, and ultimately expelling and banishing Plaintiff for life were arbitrary and capricious and violated Plaintiff's substantive due process rights.

18. Plaintiff and UT Tyler had a contract by which Plaintiff paid for educational services. UT Tyler breached that contract by expelling Plaintiff without cause, without due process, and in violation of its policies, the ADA and Rehabilitation Act. The contract was a property interest within the meaning of the Fourteenth Amendment.

### Claims against Defendants Rodney Mabry and Donna Dickerson

19. Plaintiff brings claims against Defendants Rodney Mabry and Donna Dickerson for violation of his constitutional rights pursuant to 42 U.S.C. § 1983.

20. Acting under the color of state law, Defendants Rodney Mabry and Donna Dickerson, acting in their individual and official capacities, were the primary state actors that violated Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution. Defendants Mabry and Dickerson's actions in expelling Plaintiff were arbitrary and capricious, manifestly unjust, and violated clearly established constitutional and other legal rights in violation of Plaintiff's substantive due process rights. Moreover, Defendants Mabry and Dickerson's actions violated Plaintiff's procedural due process rights by denying him fair and impartial hearings throughout the process in violation of clearly established constitutional and other legal rights.

21. Defendants Mabry and Dickerson's actions deprived Plaintiff of his property and liberty interest in, *inter alia*, his reputation, his contract with UT Tyler, his right to pursue his graduate education, and his right to not be discriminated against.

22. Defendant Mabry was a policy maker in that the ultimate decision making power concerning Plaintiff's expulsion and ban had been delegated to him by UT Tyler.

### Requested Relief

23. Plaintiff seeks recovery of all available damages, including but not limited to compensatory damages, nominal damages, damages for mental anguish, damages for emotional distress, consequential damages, and incidental damages.

24. Plaintiff also seeks all available injunctive and equitable relief, including but not limited to an order clearing his name and record, prohibiting Defendants, or anyone under their control, from disseminating adverse information about him, and prohibiting Defendants from acting to prevent his admission to UT Tyler or to any other educational institution.

25. Due to Defendants' conduct, it became necessary for Plaintiff to retain legal counsel to assist him in prosecuting his rights under the law. Plaintiff seeks a recovery of his reasonable and necessary attorneys' fees, costs incurred, and pre- and post-judgment interest as permitted by law, in equity and/or pursuant to 42 U.S.C. § 1988 and 42 U.S.C.A. § 12205.

### Jury Demand

26. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests trial by jury.

### Prayer

Plaintiff prays that, upon final hearing, Plaintiff recover judgment against Defendants and be awarded:

(1) any and all amounts recoverable and/or recognizable as damages at law and/or in equity resulting from and/or occasioned by Defendants' wrongful acts or conduct;

(2) an Order clearing Plaintiff's name and record, prohibiting Defendants from disseminating adverse information about Plaintiff and prohibiting Defendants from acting to prevent Plaintiff's admission to UT Tyler or to any other educational institution.

(3) pre- and post-judgment interest at the maximum rate permitted by law;

(4) litigation expenses and costs, including but not limited to his reasonable and necessary attorneys' fees; and

(5) such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

                Respectfully Submitted,

/s/ Frank Hill
Frank Hill                  09632000

HILL GILSTRAP, P.C.
1400 W. Abram Street
Arlington, Texas 76012
Telephone: 817-261-2222
Facsimile: 817-861-4685
fhill@hillgilstrap.com

ATTORNEYS FOR PLAINTIFF